USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/13/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM EDWARDS,

             Plaintiff,

   - v.-

MARTIN F. HORN, et al.,

             Defendants.
------------------------------------------------------------X

REPORT AND
RECOMMENDATION

10 Civ. 6194 (RJS) (JLC)

(Non-ECF Case)

**JAMES L. COTT, United States Magistrate Judge.**

**To the Honorable Richard J. Sullivan, United States District Judge:**

By Order dated March 9, 2012 (Dkt. No. 139), I directed the parties in this action to appear on March 29, 2012 at 10:30 a.m. for an initial case management conference in accordance with Rule 16 of the Federal Rules of Civil Procedure. Plaintiff William Edwards ("Edwards") failed to attend, and the Court (and counsel for Defendant Rosa, who is the only remaining Defendant in this case) waited more than 30 minutes for him to arrive before adjourning the conference.[1]

By Order dated March 29, 2012 (Dkt. No.141), I rescheduled the Rule 16 conference for April 12, 2012 at 10:30 a.m. and advised the parties that should Edwards fail to appear at this conference, the Court would recommend that this action be dismissed for failure to prosecute. Edwards failed to attend the conference on April 12th as well.

The Federal Rules of Civil Procedure provide authority for a dismissal in these circumstances. First, Rule 16(f) provides: "On motion or on its own, the court may issue any

---

[1] All other defendants were dismissed from the case by Judge Sullivan's Order dated March 8, 2012 (Dkt. No. 138), which adopted this Court's Report and Recommendation dated February 14, 2012 (Dkt. No. 137).

USDC SDNY
DATE SCANNED 4/13/12

just orders . . . if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference[.]" Fed. R. Civ. P. 16(f)(1)(A). See, e.g., O'Neill v. Chase Manhattan Bank, N.A., No. 09 Civ. 4778 (JFB) (ETB), 2010 WL 2803981, at *5 (E.D.N.Y. June 23, 2010) (Report & Recommendation) (recommending action be dismissed without prejudice under Rule 16(f) and Rule 41(b) "based on the failure of plaintiff's counsel to comply with the orders of the court and the failure to prosecute this action"), adopted by, 2010 WL 2787585 (E.D.N.Y. July 12, 2010); Koch v. Rodenstock, No. 06 Civ. 6586 (BSJ) (DF), 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010) (Report & Recommendation) (recommending entry of default under Rule 16(f) and Rule 37(b) where defendant repeatedly failed to appear at pre-trial conferences or take part in discovery) (citation omitted), adopted by, 2010 WL 2010900 (S.D.N.Y. May 18, 2010). "The imposition of sanctions pursuant to Rule 16 is committed to this Court's sound discretion." Petrisch v. JP Morgan Chase, 789 F. Supp. 2d 437, 455 (S.D.N.Y. 2011) (citing Neufeld v. Neufeld, 172 F.R.D. 115, 118 (S.D.N.Y. 1997)). "The purpose of the sanctions is three-fold: (1) to ensure that a party will not benefit from its own failure to comply; (2) to obtain compliance with the particular order issued; and (3) to serve as a general deterrent effect on the case and on other litigants as well." Id. (quoting Fonar Corp. v. Magnetic Plus, Inc., 175 F.R.D. 53, 56 (S.D.N.Y. 1997)).

Likewise, Rule 41 permits the Court to dismiss an action sua sponte for failure to prosecute—evidenced here—or failure to comply with an order of the Court, also evidenced here. Fed. R. Civ. P. 41(b); see LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute[.]") (citing Link v. Wabash R.R. Co., 370 U.S.

2

626, 630 (1962)). The Second Circuit has instructed that a district court weighing dismissal of a case pursuant to Rule 41(b) should employ a balancing test, considering the following factors: (1) the duration of the plaintiff's failures, (2) whether the plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting the plaintiff's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. See Shannon v. Gen. Elec. Co., 186 F.3d 186, 193-94 (2d Cir. 1999) (affirming dismissal of plaintiff's complaint pursuant to Rule 41(b) based on failure to prosecute) (citation omitted).

A consideration of these factors leads to the conclusion that dismissal is appropriate here. First, Edwards has a history of failing to prosecute this action. Despite being given multiple extensions over several months in 2011, Edwards failed to file opposition papers to Defendants' motion to dismiss the complaint (Dkt. No. 125). To his credit, however, Edwards recently provided the Court with his change of address. By letter dated December 11, 2011, Edwards advised the Court that, as of December 16, 2011, he would be released on parole, and provided a new mailing address in Brooklyn, New York at which he could be contacted (Dkt. No. 135).[2] It was to the mailing address in Brooklyn that the Court sent both its March 9, 2012 and March 29,

---

[2] In the December 11 letter, Edwards wrote to the Court that he sought a 45 day adjournment from December 16, 2011 to February 1, 2012 "so I can find employment, housing, medical services to repair a [sic] injury I sustain [sic] while house [sic] in a New York State Correctional Facility, and to clear my mind from the recent lose [sic] of my mother that is no longer in my life, which I really need the time to clear my mind because I'm really hurting, and to get back focus on litigating this pending civil case." Even given this letter, it does not explain why Edwards would not respond to court orders in March, 2012, well after the "adjournment" he had sought.

2012 Orders scheduling the Rule 16 conference. The mail was not returned to the Court, so it presumably remains an appropriate address for Edwards. However, the December 11th letter to the Court was the last contact the Court has had from Edwards.

Second, Edwards was put on notice by the Court's March 29, 2012 Order that the Court would recommend that his action be dismissed for failure to prosecute if he failed to appear at the April 12 conference.

Third, Defendant Rosa has been prejudiced by Edwards' failure to prosecute this action by the passage of time, given that the incident giving rise to the claim of retaliatory termination against her occurred on October 31, 2007, more than four years ago (Complaint, filed August 18, 2010 (Dkt. No. 2), ¶¶ 14, 16),[3] and as a matter of law prejudice is presumed. See Shannon, 186 F.3d at 195 (quoting Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982)). Additionally, counsel for Defendants Rosa has now had to attend more than one conference at which Edwards has failed to appear.

Fourth, the Court has already given Edwards an opportunity to proceed with this action so that it would be decided on the merits, specifically, in my adjourning the initial conference from March 29 to April 12 rather than recommending the action be dismissed after Edwards' first failure to appear. Finally, Edwards' failure to prosecute and his most recent failures to appear at court-ordered conferences demonstrate that any lesser sanction would be "an exercise in futility[.]" Koch, 2010 WL 2010892, at *7 (recommending dismissal of pro se defendant as to liability); see also Antonio v. Beckford, No. 05 Civ. 2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006) (pro se plaintiff's repeated violations of court orders leads to

---

[3] See also Edwards v. Horn, No. 10 Civ. 6194 (RJS)(JLC), 2012 WL 760172, at *17 (S.D.N.Y. Mar. 8, 2012).

4

"inexorable conclusion" that dismissal is only appropriate response to plaintiff's conduct) (citation omitted).

For these reasons, Edwards' remaining claim against Defendant Rosa should be dismissed with prejudice.[4]

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Sullivan and the undersigned, United States Courthouse, 500 Pearl Street, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Sullivan. **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** See Thomas v. Arn, 474 U.S. 140, 154 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir.

---

[4] While dismissal without prejudice would usually be an appropriate sanction, see, e.g., Torres v. Yonkers Police Department, No. 11 Civ. 1819 (LTS) (GWG), 2011 WL 2555854, at *2 (S.D.N.Y. June 28, 2011), at this point, Edwards' failure to attend two court-ordered pre-trial conferences, coupled with his failure to advance his litigation—is more serious. See, e.g., Culton v. N.Y. State Dep't of Corr. Servs., 299 F. App'x 96, 97 (2d Cir. 2008) (summary order) (affirming dismissal with prejudice where plaintiff failed to attend pretrial conference and comply with discovery requirements, and district court considered factors warranting dismissal). "Moreover, dismissal without prejudice would not produce a more just result as [Edwards] would be time-barred from re-filing[,]" Maersk Line v. Phoenix Agro-Industrial Corp., No. 07 Civ. 3169 (SJF) (JMA), 2009 WL 1505281, at *5 (E.D.N.Y. May 27, 2009), given that his retaliatory termination claim against defendant Rosa under 42 U.S.C. § 1983 stems from his October 31, 2007 termination from his position as a Suicide Prevention Aide, and is subject to a three-year statute of limitations pursuant to New York State's personal injury statute, N.Y. C.P.L.R. § 214(5). See Wallace v. Kato, 549 U.S. 384, 387 (2007) (applying personal injury statute of limitations under state law to § 1983 claim) (citing Owens v. Okure, 488 U.S. 235, 249-50 (1989)).

2010) (citing Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) and Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. If Edwards does not have access to cases cited herein that are reported on LEXIS/WESTLAW, he should request copies from defendant's counsel. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009) (noting that the Court may ask opposing counsel to provide to a pro se litigant copies of decisions that are available electronically).

Dated: New York, New York
       April 13, 2012

/s/ James L. Cott
JAMES L. COTT
United States Magistrate Judge

**Copies of this Order have been mailed to the following:**

William Edwards
660 Hegeman Avenue, Apt. 6-D
Brooklyn, NY 11207

Noreen M. Stackhouse
New York City Law Department
100 Church Street
New York, NY 10007

Pro Se Office – Room 230

Hon. Richard J. Sullivan